IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

04 AUG 17 PM 2: 02

N.D. OF ALABAMA

JAMES JOHNSTON,                      )
                                     )
        Plaintiff,                   )
                                     )
                                     )
v.                                   )     CASE NUMBER: CV-04-PT-1207-M
                                     )
TYSON FOODS, INC., d/b/a RIVER       )
VALLEY ANIMAL FOODS,                 )
                                     )
        Defendant.                   )

**ENTERED**

AUG 17 2004

### MEMORANDUM OPINION

This cause comes on to be heard upon defendant Tyson Chicken, Inc.'s[1] ("Tyson") Motion

to Sever and Remand Count I, filed on June 14, 2004, and plaintiff James Johnston's ("Johnston")

Motion to Remand, filed on July 8, 2004.

### FACTS AND PROCEDURAL HISTORY

On or about May 25, 2004, plaintiff filed a complaint in the Circuit Court of Marshall

County, Alabama.   Count I of the complaint alleged Johnston's entitlement to workman's

compensation benefits as a result of suffering and/or contracting "an occupational disease ... [due

to] to hazards in excess of those ordinarily incident to his employment in general and/or plaintiff

inhaled minute particles of dust and/or fibers which arose out of and in the course of said

employment." As a result of such exposure throughout the course of his twenty-two years as a Tyson

---

[1] This court previously granted defendant's motion to substitute Tyson Chicken, Inc. as the proper name for
defendant.

1

employee, plaintiff alleged, he suffered permanent lung injury due to asbestosis which rendered him totally and permanently disabled.

Count II (tort of outrage) alleged that the plaintiff's co-workers and supervisor witnessed his exposure to dust hazards and minute particles of dust and/or fibers and that the defendant had prompt and immediate notice of the "accident." According to Count II, defendant intentionally or recklessly caused the plaintiff to suffer emotional distress "by refusing to pay any compensation to the plaintiff, knowing of the plaintiff's right to compensation as alleged, knowing of plaintiff's severe medical problems caused by the work-related incident which left him a (*sic*) totally disabled, and knowing of the plaintiff's resulting poverty condition caused by attempting to provide for his family with the plaintiff's extreme physical impairment. Accordingly, the complaint alleged that defendant "engaged in outrageous conduct, shocking to the conscience of mankind, and calculated to cause and which did cause plaintiff's severe emotional distress, frustration and embarrassment."

On June 14, 2004, defendant removed the case on the basis of diversity jurisdiction. At the same time, Tyson filed a motion to sever and remand Count I. On July 8, 2004, plaintiff filed his own motion to remand the case in its entirety.

## MOTION TO REMAND STANDARD

Federal courts are courts of limited jurisdiction. *See Russell Corp. v. American Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001). Therefore, federal courts have power to hear only those cases that they have been authorized to hear by the Constitution or by Congress. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The limited nature of federal court jurisdiction has caused the Eleventh Circuit to favor remand of removed cases where federal jurisdiction is not absolutely clear. *Russell Corp.*, 264 F.3d at 1050. The removal statute is

2

to be construed narrowly with doubt construed against removal. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107-09 (1941).

A case may be removed to federal court only if the case could have been brought originally in federal court pursuant to the court's diversity or federal question jurisdiction. *See* 28 U.S.C. § 1441(a). However, diversity will not support removal jurisdiction if any properly joined defendants are citizens of the state in which the suit was originally filed. *See* 28 U.S.C. § 1441(b). The determination of whether federal jurisdiction exists must be made on the face of the plaintiff's well-pleaded complaint. *Pacheco De Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998). An anticipated or even inevitable federal defense generally will not support removal. *Id.* at 1373 (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392-93 (1987)). The burden of establishing federal jurisdiction is placed on the defendant, with all doubts resolved in favor of remand, *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). When multiple defendants are involved, all defendants must consent to removal. *Russell Corp.*, 264 F.3d at 1050.

## ARGUMENTS

### DEFENDANT'S MOTION TO SEVER AND REMAND COUNT I

**I.   Defendant's Motion**

Tyson requests that in the interests of justice this court sever and remand Count I, plaintiff's workers' compensation claim. According to Tyson, Johnston's workers' compensation claim is a non-jury matter that should be decided in state court. By its nature, defendant alleges, a workers' compensation claim has specific statutory remedies, carries no right to any other monetary damages, and cannot be tried before a jury. On the other hand, Tyson contends, plaintiff has requested a jury trial on Count II (the tort of outrage). Defendant relies on *Raines v. Browning-Ferris Industries of*

3

*Alabama, Inc.*, 638 So. 2d 1337 (Ala. Civ. App. 1993)(noting "the usual procedure where a claimant has filed a complaint seeking both workmen's compensation and tort relief is for these two claims to be severed.") Additionally, Tyson alleges, under 28 U.S.C. section 1445(c),[2] a claim arising under state workers' compensation laws is not removable. *See also Fed. Reserve Bank of Atlanta v. Thomas*, 220 F.3d 1235 (11th Cir. 2000).

## II.    Plaintiff's Response

Plaintiff seeks remand of the entire lawsuit to state court. *See infra.*

## III.   Defendant's Reply

Defendant's response to remand, *see infra*, constitutes its reply.

## PLAINTIFF'S MOTION TO REMAND

## I.    Plaintiff's Motion

At the outset, plaintiff's motion states: "At the time of the filing of this pleading, James Johnston is near death at the Marshall Medical Center Hospital in Boaz, Alabama.  Tyson has cancelled the plaintiff's health insurance and refused to provide worker's compensation benefits. Johnston cannot pay for his case."

After reciting the allegations in the complaint, plaintiff notes that he had to work on asbestosis sheets for defendant for over twenty-two years. According to plaintiff, when he began to experience the symptoms of lung disease, he filed a workers' compensation claim, which defendant "summarily denied without allowing the plaintiff to be examined by a doctor."  As a result of this wrongful denial of medical treatment and benefits, plaintiff asserts, his life expectancy has been

---

[2] Section 1445(c) provides: "A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."

dramatically reduced.  According to plaintiff, Count II arises out of and under Count I – the workers'

compensation claim – due to the defendant's failure to provide the plaintiff at a minimum with a

right to see a doctor.  Such denial at a point when plaintiff could barely breathe and was near death,

plaintiff asserts, "directly caused the plaintiff to nearly lose his life."

By plaintiff's account, Count II arises from the same facts that are the basis for Count I, and

thereby was not removable at the outset.  *See* 28 U..S.C. section 1445(c).  Furthermore, Johnston

argues, it is the state court's decision to sever a workers' compensation claim, not the federal courts.

Johnston contends: "It is the practice of state courts in such cases to address and resolve the non-jury

workers' compensation claim before proceeding to the claim of outrage.  Again, this practice shows

that the outrage claim grows out of or under the state workers' compensation laws which are not

removable."

Moreover, Johnston contends, defendant's motion to remove is premature "because if the

state court elects to sever the claims or resolve the worker's compensation claim, then the defendant

would have the right to remove the outrage claim."  Finally, Johnston argues, the defendant cannot

ask for removal of one count on the one hand and for remand of the other count on the other, since

such a request "creates multiplicity of actions in that the plaintiff would be required to prosecute two

separate cases that involve the same facts."

## II.    Defendant's Response

The parties appear to agree that Count I should be remanded.  Thus, defendant argues, the

only dispute is whether Count II (plaintiff's tort claim for outrage) ought to be remanded.  While

plaintiff relies on 28 U.S.C. § 1445(c) as supporting remand of Count II, defendant contends, such

reliance is misplaced.  According to defendant, only part of this action arises out of Alabama's

workers' compensation laws, i.e., Count I, while Count II arises out of Alabama's common law of torts. *See Am. Red Cross Serv. Co. v. Inmon*, 394 So. 2d 361, 364-65 (Ala. 1980)(first recognizing the tort of outrage and discussing it in the context of the common law of torts).[3]   In determining whether a claim arises under a state's workers' compensation laws, defendant argues, "the focus must be on the source of the right of action." *See Ehler v. St. Paul Fire and Marine Ins. Co.*, 66 F.3d 771, 771 (5th Cir. 1995). In *Ehler*, Tyson points out, the Fifth Circuit determined that the mere fact that a claim's resolution "may require interpretation of rights or benefits" under the workers' compensation statutory scheme provides an insufficient basis for arising under jurisdiction.

The instant case, Tyson asserts, involves Johnston's attempt to join two causes of action which Alabama courts have routinely treated as separate cases. Furthermore, Tyson argues, plaintiff has admitted that Count II would be removable except for its present joinder to Count I, by stating "if the state court elects to sever the claims or resolve the worker's compensation claim, then the defendant would have the right to remove the outrage claim." According to Tyson, judicial economy would <u>not</u> be promoted by remanding the entire action only to have the outrage count removed again after the claims are severed.

Instead, Tyson argues, the process advocated by plaintiff would unduly burden Tyson's right

---

[3] Defendant also cites *Potts v. Hayes*, 771 So. 2d 462, 464-65 (Ala. 2000), which stated:

> The tort of outrage is an extremely limited cause of action. It is so limited that this Court has recognized it in regard to only three kinds of conduct: (1) wrongful conduct in the family-burial context, *Whitt v. Hulsey*, 519 So.2d 901 (Ala.1987); (2) barbaric methods employed to coerce an insurance settlement, *National Sec. Fire & Cas. Co. v. Bowen*, 447 So.2d 133 (Ala.1983); and (3) egregious sexual harassment, *Busby v. Truswal Sys. Corp.*, 551 So.2d 322 (Ala.1989). See also Michael L. Roberts and Gregory S. Cusimano, Alabama Tort Law, § 23.0 (2d ed.1996). In order to recover, a plaintiff must demonstrate that the defendant's conduct "(1) was intentional or reckless; (2) was extreme and outrageous; and (3) caused emotional distress so severe that no reasonable person could be expected to endure it." *Green Tree Acceptance, Inc. v. Standridge*, 565 So.2d 38, 44 (Ala.1990) (*citing American Road Service Co. v. Inmon* ).

to remove this outrage action to federal court. Indeed, defendant contends, plaintiff has admitted a delay is likely if all counts are remanded by stating: "It is the practice of state courts in such cases to address and resolve the non-jury worker's compensation claim *before* proceeding to the claim of outrage." (Emphasis added). Furthermore, Tyson adds, if there is a delay in severance of more than a year, plaintiff may argue that Count II cannot be removed under 28 U.S.C. § 1446(b).

### III.   Plaintiff's Reply

Johnston insists that his outrage claim arises out of or under the Alabama workers' compensation laws and is therefore not removable. Furthermore, Johnston asserts, under Alabama law, an employer shall pay the actual cost of reasonably necessary medical and surgical treatment as the result of an accident arising out of and in the course of employment. *See* Ala. Code section 25-5-77. Plaintiff reiterates his allegation about asbestosis developing as a result to being ordered to work on asbestos sheets for over twenty-two years as a Tyson employee. Although he filed a workers' compensation claim, Johnston asserts, the defendant denied such claim without allowing him any medical treatment.

Plaintiff proffers the facts and legal conclusions of *Continental Casualty Insurance Company v. McDonald*, 567 So. 2d 1208, as analogous. In that case, the Alabama Supreme Court affirmed a judgment on a jury verdict in favor of plaintiff on his outrage claim, holding that workers' claims of outrage were not barred by the exclusivity provisions of the workers' compensation law. Furthermore, after considering the specific circumstances of the case, the *Continental Casualty* court found that a viable claim of outrage sufficient to uphold the jury verdict existed. There, facts had shown that the defendant had intentionally delayed and obstructed payment for actual costs for reasonably necessary medical expenses related to plaintiff's workers' compensation injury.

7

According to Johnston, the outcome of his workers' compensation claim determines if he has a viable outrage claim, thus rendering it premature to adjudicate the outrage claim before a decision is made in the workers' compensation case. In asking the court to remove the outrage claim, Johnston argues, defendant simply seeks to force the plaintiff to prove his workers' compensation claim in both federal and state court. In opposing this procedural move, plaintiff contends:

> Because the workmen's compensation claim is not removable from the State Court, for the outrage claim to become viable in this Court, the Plaintiff will be required to present evidence and prove his workmen's compensation claim in this Court. This must be done in addition to or alongside the exact same proceeding in the State Court. This would in effect require two identical trials on the same facts and issues prior to this Court reaching the outrage claim and would also impose an undue and highly prejudicial burden upon the Plaintiff. Dual trials are not in the best interest of judicial economy. Furthermore, it would provide the Defendant with two attempts of (*sic*) having the Plaintiff's workmen's compensation claim decided against him.

If the court grants defendant's motion to sever and remand, plaintiff argues, there is a risk that the federal and state courts will arrive at opposite determinations on the workers' compensation claim, forcing the federal court to "imping[e] upon or jeopardiz[e]" the state court's exclusive jurisdiction over the workers' compensation claim. In this procedural setting, Johnston argues, the outrage claim is not ripe for adjudication until there is a determination in plaintiff's favor on the workers' compensation claim. Plaintiff concludes: "Because of the requirement of having the workers' compensation claim first being decided and the worker's compensation claim and the outrage claim being so intertwined both factually and legally, severing and remanding the worker's compensation claim would result in a multiplicity of actions. Therefore, the outrage claim grows out of and under the state workers' compensation

laws which are not removable." Plaintiff repeats his request that the entire lawsuit be remanded to circuit court.

## CONCLUSION OF THE COURT

This court notes the distinction between this case and *Reed v. The Heil Company*, ____ F.3d ___ (11 th Cir. 2000) and the cases cited therein and in *Roberts v. Beau-lien of Am., Inc.*, 950 F.Supp. 1509 (N.D. Ala. 1996).[4] Only Count I will be remanded. The plaintiff has not raised an issue of amount. If he wishes to agree to limit himself to less than $75,000.00, the court will further consider the issue.

This the ___ day of August, 2004.

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT COURT.

---

[4]*See also Continental Casualty Ins. Co. v. McDonald*, 567 So.2d 1208 (Ala. 1990). As indicated in *Reed*, there is a distinction between statutory claims related to worker's compensation and common law claims related to worker's compensation.

. 9